# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** <br> (For Offenses Committed On or After November 1, 1987) <br> *(Changes Identified with Asterisks (*))* |
| v. | CASE NUMBER:  04-cr-00032-REB-01 |
| ANTONE RAYMOND AUSTIN | *Rick Williamson, AFPD <br> (Defendant's Attorney) |

**Date of Original Judgment:**  September 15, 2004

**Reason for Amendment:**    United States Court of Appeals remanding the case to the United States District Court with instructions to vacate original sentence imposed and resentence the defendant in accordance with *United States v. Booker*.

**THE DEFENDANT:**  Pleaded guilty to count I of the Indictment.

**ACCORDINGLY,**  the court has adjudicated that the defendant is guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm | 01/13/04 | I |

    The defendant is sentenced as provided in pages 2 through 8 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

    IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

March 24, 2006
Date of Imposition of Judgment

s/ Robert E. Blackburn
Signature of Judicial Officer

Robert E. Blackburn, U.S. District Judge
Name & Title of Judicial Officer

March 27, 2006
Date

DEFENDANT:  ANTONE RAYMOND AUSTIN
CASE NUMBER:  04-cr-00032-REB-01                                                               Judgment-Page 2 of 8

## IMPRISONMENT

*The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of sixty (60) months, to be served concurrently with the sentences imposed in El Paso County District Court, Case Numbers. 03CR4986 and 04CR206.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By_____
Deputy United States Marshal

DEFENDANT: ANTONE RAYMOND AUSTIN
CASE NUMBER: 04-cr-00032-REB-01                                         Judgment-Page 3 of 8

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years.

The defendant shall report to the probation office in the district to which he is released within 72 hours of his release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance and shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

*The defendant shall cooperate in the collection of a DNA sample from the defendant as directed by the probation officer.

The defendant shall register as a sex offender in any state where the defendant resides, is employed, carries on a vocation, or is a student, or as directed by the probation department.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Monetary Obligations sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the following page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

DEFENDANT:  ANTONE RAYMOND AUSTIN
CASE NUMBER:  04-cr-00032-REB-01                                                                Judgment-Page 4 of 8

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10) The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1) As directed by the probation department, the defendant at his own expense, shall undergo an evaluation for alcohol and substance abuse.  Therefore at his own expense, he shall receive any treatment, therapy, counseling, testing or education prescribed by the evaluation or directed by the probation department

DEFENDANT:  ANTONE RAYMOND AUSTIN
CASE NUMBER:  04-cr-00032-REB-01                                                                 Judgment-Page 5 of 8

## MONETARY OBLIGATIONS

    The defendant shall pay the following monetary obligations in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| I | $100.00 | $0.00 | $0.00 |
| **TOTALS** | $100.00 | $0.00 | $0.00 |

DEFENDANT:  ANTONE RAYMOND AUSTIN
CASE NUMBER:  04-cr-00032-REB-01                                           Judgment-Page 6 of 8

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations shall be due as follows:

The special assessment is due and payable immediately.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order:  (1) special assessment.

DEFENDANT:  ANTONE RAYMOND AUSTIN  
CASE NUMBER:  04-cr-00032-REB-01                                                             Judgment-Page 7 of 8

## STATEMENT OF REASONS

**The court adopts the presentence report and advisory applications without change.**

Pursuant to the United States Supreme Court ruling in the *United States v. Booker* and *United States v. Fanfan*, the United States Sentencing Commission Guidelines have become advisory. The Court, while not bound to apply the Guidelines, has consulted the advisory guidelines and taken them into account with the sentencing factors identified at 18 U.S.C. § 3553(a).

The Court finds that the defendant's prior conviction for Attempt to Commit Sexual Assault on a Child in El Paso County District Court, Colorado, Case No. 97CR2035, is a "crime of violence" within the meaning of §2K2.1(a)(2), as defined by §4B1.2(a) and Application Note 1 to §4B1.2. The Court finds that this offense presents a serious potential risk of physical injury to the victim. The Court relies on the findings in *U.S. v. Vigil*, 334 F.3d 1215, 10th Circuit, 2003; *U.S. v. Reyes Castro*, 13 F.3d 377, 10th Circuit, 1993; *U.S. v. Coronado Cervantes*, 154 F.3d 1242, 10th Circuit, 1998; and *U.S. v. Daniels*, 2002 Westlaw 1010026, 10th Circuit, Colorado, decided May 20, 2002.

*The Court will not rely on any information in paragraphs 3, 10, 11, 12, and 13 of the presentence report in imposing the sentence.

**Guideline Range Determined by the Court:**

Total Offense Level:  23

Criminal History Category:  V

Imprisonment Range:  84 to 105 months

Supervised Release Range:  2 to 3 years

Fine Range:  $10,000  to  $100,000
   The fine is waived because of the defendant's inability to pay.

Total Amount of Restitution:  None.

The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

DEFENDANT:  ANTONE RAYMOND AUSTIN
CASE NUMBER:  04-cr-00032-REB-01                                                      Judgment-Page 8 of 8

**DEPARTURE**

**Reasons or Explanations for Not Departing from the Guideline Range**

The Court does not find that the defendant or his concomitant circumstances, including but not limited to his criminal history, constitute or qualify as mitigating circumstances of a kind or to a degree not adequately considered by the Sentencing Commission in formulating the apposite guideline, citing U.S.S.G. § 5K2.0 and 18 U.S.C. § 3553(b).  The Court finds under the analysis provided by the United States Supreme Court in *Koon v. United States*, 518 U.S. 81, 1996, that this case is simply not such an atypical case where a particular guideline linguistically applies, but where the conduct significantly differs from the norm.  With respect to the two underlying felony offenses, these crimes of violence, Mr. Austin plead guilty exactly to the crimes he committed, and these are two serious felony offenses.  One is inherently assaultive in nature, and the other is inherently sexually deviant or aberrant.  The defendant's subsequent record convinces the Court that he has a philosophy that evinces a disturbing disrespect for the law, and one that includes a propensity to illegally arm himself with deadly weapons.  Therefore, the Court will not depart downward from the guidelines.

*Upon remand, the Court will impose a non-guideline sentence of 60 months imprisonment, pursuant to the provisions of 18 U.S.C. § 3553(a), based on the positive changes that the defendant has made in his behavior and philosophy while incarcerated.